**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ANDRES CELEDONIO, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DRAINAGE & EROSION SOLUTIONS, ) <br> LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:15-cv-01079 (LMB/MSN) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

**FACTUAL BACKGROUND**

The Plaintiffs brought the instant action for recovery of sums they alleged were due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Briefly, Plaintiffs alleged that the Defendants, Drainage & Erosion Solutions, LLC, Drainage & Erosion Solutions Greater Washington, LLC and Kenneth G. Fraine, failed to pay them proper compensation for the overtime hours they alleged they worked, and that Defendant Kenneth G. Fraine was personally liable for the FLSA violations. Defendants denied any violations of the FLSA and denied that Kenneth G. Fraine could be individually liable.

**ARGUMENT**

This Court considers the following factors in reviewing an FLSA settlement:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through

1

failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citing *Lomascolo* in rejecting motion which did not address those factors). Each factor favors approval of this settlement agreement.

First, the parties have conducted partial discovery. The Plaintiffs and the Defendants all propounded discovery requests and had discovery responses pending. Nevertheless, the litigation positions were already clear. The Defendants' main defenses would have been that Plaintiffs were properly paid for any overtime they actually worked, that Plaintiffs did not work all the overtime hours as claimed, and that Kenneth G. Fraine was not, as a matter of fact and law, liable as an individual under the FLSA. Further discovery would have entailed extensive (and time- and fee-consuming) depositions of, at the very least, all of the Plaintiffs, Kenneth G. Fraine, Drainage & Erosion Solutions, LLC, Drainage & Erosion Solutions Greater Washington, LLC and other key fact witnesses.

Second, a settlement at this early stage benefits both parties. The parties might have needed to go to trial on the factual question of how many overtime hours were actually paid. The more time the parties' attorneys spent on the case, the more difficult it would have been for the parties to reach a settlement. The FLSA claims are not particularly complex, but do involve substantial factual questions regarding how much of the Plaintiffs' gross pay constituted proper payment for overtime worked under the FLSA. As noted above, further discovery would have posed substantial expense in the form of court reporter costs for depositions, as well as attorney time for the same.

Third, there is no fraud or collusion in this settlement; all parties are represented by independent counsel.

Fourth, both parties are well represented. Plaintiffs are represented by attorneys with substantial experience in employment law, including plaintiff- and defendant-side FLSA cases. The Defendants are represented by two partners with Bean, Kinney & Korman, P.C., a regional law firm with a highly regarded employment law practice group and significant experience defending employers against FLSA and other employment law claims. Plaintiffs have been comparably represented by experienced counsel.

Fifth, there are no class claims; the parties have signed the settlement agreement, indicating their consent thereto, with the advice of counsel.

As for the sixth factor, the FLSA claim entailed several major factual and legal questions. The parties would have expended significant resources in discovery, motions practice, and possibly trial, on the factual and legal issues relating to the amount of overtime actually paid.

The question of overtime paid might have come down to a jury's credibility determinations, which are notoriously difficult to predict. Plaintiffs faced the risk of a very small verdict in their favor or a defense verdict (or summary judgment order). If Plaintiffs prevailed on any claims, the Defendants faced the risk of an award of attorney's fees and/or liquidated damages under the FLSA. The parties all believe that the settlement amount fairly represents their exposure compared to their chances of success at trial.

Finally, the proposed portion of the settlement allotted to attorney's fees and costs, $19,250.00 out of a total of $62,500.00, is reasonable. Mrs. Lombardo, Mr. Lieberman and Mr. Garcia worked 50.4 hours on this case, at Mrs. Lombardo's standard hourly rate of $440.00, Mr. Lieberman's standard hourly rate of $440.00 and Mr. Garcia's standard hourly rate of $295.00.

Consequently, Plaintiffs have a total of $19,941.00 in potential attorney's fees and $500.00 in costs.

## CONCLUSION

For these reasons, the Court should approve the parties' Settlement Agreement (Exhibit "A" hereto).

Respectfully submitted,

DRAINAGE & EROSION SOLUTIONS, LLC,
DRAINAGE & EROSION SOLUTIONS GREATER WASHINGTON, LLC, AND
KENNETH G. FRAINE

By Counsel

/s/ R. Douglas Taylor, Jr.
Richard C. Sullivan, Jr., VSB #27907
R. Douglas Taylor, Jr., VSB # 38360
Samuel J. Banks, VSB # 88990
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (Fax)
rsullivan@beankinney.com
rdougtaylor@beankinney.com
sbanks@beankinney.com
Counsel for Defendants

ANDRES CELEDONIO
OSVALDO GUTIERREZ
JUAN ALBA
JOSE DE JESUS ORTEGA ALDANA
POFIRIO HERNANDEZ DIAZ
FRANCISCO CELEDONIO
OSCAR ESTRADA
LUIS MANUEL CELEDONIO
CIRILO ALBA, AND
JOSE LUIS TORRES CELEDONIO

By Counsel

/s/ Mary Craine Lombardo
Mary J. Craine Lombardo Bar # 77768
Stein Sperling Bennett De Jong Driscoll PC
25 West Middle Lane
Rockville, Maryland 20850
(301)340-2020
(301) 354-8126-fax
miombardo@steinsperling.com
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Memorandum in Support of Joint Motion for Approval of Settlement Agreement via ECF on the 11th day of March, 2016, to counsel for Plaintiffs addressed as follows:

Mary J. Craine Lombardo
Stein Sperling Bennett De Jong Driscoll PC
25 West Middle Lane
Rockville, Maryland 20850
(301)340-2020
(301) 354-8126-fax
mlombardo@steinsperling.com
Counsel for plaintiffs

/s/ R. Douglas Taylor, Jr.
R. Douglas Taylor, Jr

5